## Case No. 16,246.

UNITED STATES v. SEARS.

[1 Code Rep. 128; 1 West. Leg. Obs. 80.]

District Court, D. Iowa.  Jan. Term, 1849.

POSTMASTERS—ACTION ON OFFICIAL BOND—LIMITATION.

A suit was instituted by the United States against the surety of a postmaster on the official bond, nearly three years after the date of the last item charged against him in the accounts with the department. *Held*, that the action was barred by the third section of act of congress of 1825 [4 Stat. 103].

This was an action of debt against the defendant [Daniel Sears], as one of the securities of Samuel Shuffleton, deceased, late postmaster at Fairfield, in this state. Alleged breach of the bond, that the said "Shuffleton did not well and truly execute the duties of the said office of postmaster, aforesaid, but made default therein, as follows, to wit: At Fairfield, in the county of Jefferson, on the 8th day of October, A. D. 1846, a large sum of money of the said plaintiff, viz. $700, came into the hands and possession of said Shuffleton, in his capacity of postmaster, which large sum of money said Shuffleton hath not paid or accounted for in the manner prescribed by the postmaster-general," &c.  Plea of the statute of limitations, to which the plaintiff replied.

C. W. Slagle, for defendant, contended that the third section of the act of 1825 releases the obligor in the bond, if suit is not brought within two years from the time of default; that the thirty-second section of the same act makes it the duty of the postmaster to account with the department at the end of every three months and pay over the balance. Shuffleton's last account was rendered September 22, 1845, at which time he was in default. This suit was commenced September 1, 1848, nearly three years from the time of the default.

J. M. Preston, U. S. Atty., took the ground that the certificate of the auditor of the post-office department, which was dated October 8, 1848, was the true time from which the statute should run; and that two certain drafts drawn on Shuffleton, within two years before the commencement of this suit, brought it within the statute.

BY THE COURT (DYER, District Judge). The act provides "that if any postmaster, or other person authorized to receive the postage of letters and packets, shall neglect or refuse to render his accounts, and pay over to the postmaster-general the balance by him due at the end of every three months, it shall be the duty of the postmaster-general to cause a suit to be commenced against the person or persons so neglecting or refusing." The copy of the account in evidence is for balance due at the end of each quarter commencing ——, and ending September 22, 1845. The last charge in the account is of the date of September 22, 1845. Suit was brought against the defendant on the first day of September, 1848, nearly three years after the date of the last item charged. Defalcation occurred at the time the balances were due, and were required to be paid, to wit, at the end of every three months, and the statute begins to run from that time. The first draft drawn on the postmaster for the balance due was in February, 1846, nearly five months after the date of the last item in the account, when the balance for that quarter was due. If at that time it was unpaid, it was the duty of the postmaster-general to bring suit. Default in the payment of balances was not made at the time of the dishonor of the draft, because they were due and unpaid long before the draft was drawn.

It is contended, on the part of the United States, that the statute begins to run from the date of the adjustment of the postmaster's account of his entire indebtedness, and that the copy filed as evidence of such settlement and adjustment of his account is dated in 1848. The copy of the account is only a statement from the department of such settlement and adjustment at the end of every three months, when it is made the duty of the postmaster to pay what is due; and the postmaster-general must adjust the accounts of such postmaster at the end of three months, to know what is due and unpaid.

This suit having been brought nearly three years after the date of the last item in the account, the court is clearly of opinion that it is barred by the statute.